UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

LANESBOROUGH 2000, LLC,

                                                                                                 23-cv-7584 (PKC)

                Petitioner,                             ORDER

     -against-

NEXTRES, LLC,

                Respondent.
-----------------------------------x

CASTEL, U.S.D.J.

       It falls upon the Court to raise issues of the limited subject matter jurisdiction of a district court sua sponte. "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Leveraged Leasing Administration Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (internal quotations omitted).

       "[A] limited liability company [] takes the citizenship of each of its members." Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 49 (2d Cir. 2012). The Amended Petition alleges that petitioner Lanesborough 2000, LLC is "a limited liability company registered in New York, with a principal place of business in Kissimmee, Florida" and that "Lanesborough's sole member, Rebecca Stayton, resides in Florida." (ECF 28 ¶ 13.) For the purposes of alleging diversity jurisdiction, however, an individual's state of citizenship is not determined by her state of residence but by her state of domicile. Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998); see also Leveraged Leasing, 87 F.3d at 47 ("[A] statement of the parties' residence is insufficient to establish their citizenship.").

1

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (citations omitted). There is no diversity jurisdiction if each side includes a citizen or subject of a foreign state. See, e.g., Franceskin v. Credit Suisse, 214 F.3d 253, 258 (2d Cir. 2000); see also 28 U.S.C. § 1332(a)(2). Several documents in the record indicate that Stayton, the sole member of Lanesborough, may be a citizen of a "foreign state" rather than a citizen of Florida. See, e.g., ECF 47-1 at 1 (Stayton indicating that she is a "non-permanent resident alien," not a U.S. citizen, on her loan application); ECF 47-13 at 3 (summons filed by Nextres in its state court foreclosure action against Lanesborough and Stayton, which includes addresses for Stayton in New York, Florida, and the United Kingdom); ECF 31-10 at 291 (email between Stayton and Ayzenberg in which Stayton accuses Ayzenberg and Nextres of taking advantage of her based on her "nationality, not being American").

The Amended Petition's allegation of Nextres's citizenship suffers from the same deficiency as its allegation of Lanesborough's citizenship: it alleges that, "[u]pon information and belief," respondent Nextres, LLC is a "a limited liability company registered in Delaware, with a principal place of business in Newtown, Pennsylvania," and that Nextres's sole member, Kirk Ayzenberg, "resides" in Pennsylvania. (ECF 28 ¶ 14.)

And Nextres, in its Amended Response, identifies itself only as "a foreign authorized limited liability company duly organized under the laws of the State of Delaware," without any information about its members—such as whether Ayzenberg is, in fact, its sole member, and the citizenship, rather than the residence, of any and all of its members. (ECF 31 ¶ 3.) Additionally, in the underlying mortgage documents between Lanesborough and Nextres

2

attached to its Amended Response, Nextres identifies itself in certain places as a "corporation" with an address in Newtown, Pennsylvania. (ECF 31-2 at 2.)

In order to evaluate whether complete diversity exists in this action, the petitioner must plead the <u>citizenship</u> of its members and of the members of the defendant limited liability company. If a member is an individual, petitioner must plead the individual's state of <u>domicile</u>; if a member is a corporation, petitioner must plead the corporation's state of incorporation and principal place of business; and if the member is a limited liability company, petitioner must then plead the citizenship of its members.

Within fourteen days of this Order, petitioner shall file a Second Amended Petition that properly alleges the citizenship of both Lanesborough 2000, LLC and Nextres, LLC or the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 10, 2024