UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
LANESBOROUGH 2000, LLC,

                                                      23-cv-7584 (PKC)

            Petitioner,                              ORDER

    -against-

NEXTRES, LLC,

            Respondent.
-----------------------------------x

CASTEL, U.S.D.J.

        Petitioner Lanesborough 2000, LLC ("Lanesborough") has now submitted its Second Amended Petition (ECF 60), correcting its allegations regarding the citizenship of Lanesborough and respondent Nextres, LLC ("Nextres"), pursuant to the Court's Order of May 10, 2024 (ECF 59). Lanesborough has also submitted a declaration by its sole member, Rebecca V. Stayton, who states that she is "a citizen of the United Kingdom who is present in the United States, residing in Florida, on an E-2 visa." (ECF 62.) In other words, Stayton is a citizen of a foreign state who is not a permanent resident in the United States. (ECF 60 ¶ 15 (citing Kato v. County of Westchester, 927 F.Supp. 714, 717 (S.D.N.Y. 1996) (Conner, J.) (noting that "a Japanese citizen present in the United States on an E-2 visa . . . is not admitted for permanent residence in the United States" and "is treated as an alien for diversity purposes")).) See also 28 U.S.C. § 1332(a)(2) (emphasis added) ("[T]he district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State").

1

Because Lanesborough's sole member is Stayton, who is a citizen of a foreign state not lawfully admitted for permanent residence in the United States, the Court concludes that Lanesborough takes her citizenship and is also an alien for diversity jurisdiction purposes.

Diversity jurisdiction, then, only exists in this action if Nextres is a citizen of a State.  See Universal Licensing Corporation v. Paola del Lungo S.p.A., 293 F.3d 579, 580–81 (2d Cir. 2002); see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (citations omitted) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State.").

The Second Amended Petition alleges that Nextres "is a limited liability company registered in Delaware," that its sole member is Kirill "Kirk" Ayzenberg, and that Ayzenberg is a citizen of the United States whose "permanent home and domicile, where he resides with the intention to remain, is in California."  (ECF 60 ¶¶ 16-19.)

Lanesborough's attorney, Daniel R. Lever, has also submitted a declaration in support of the Second Amended Petition, which annexes several exhibits (the "Lever Declaration").  (ECF 61.)  The Lever Declaration lists Ayzenberg's "permanent home" address in California and annexes copies of return of service notices at that address for Ayzenberg from other lawsuits.  (ECF 61-2.)  It also annexes a copy of an April 2023 article in which Ayzenberg is described as "from Philadelphia but currently liv[ing] in Los Angeles," and it also refers to Ayzenberg and his wife's Facebook pages (without including links or screenshots), which both purportedly state that they live in Los Angeles, California.  (ECF 61 ¶¶ 13-16; ECF 61-5.)  The Lever Declaration does not discuss whether Ayzenberg is a citizen of the United States.

The Lever Declaration also annexes copies of Nextres's "Foreign Limited Liability Company Annual Report," as well as copies of the same report for another LLC

allegedly owned by Ayzenberg, Lendingbase, LLC.  But the Nextres Foreign Limited Liability Company Annual Report creates another complication: it lists Nextres's "Authorized Member" as "ACJ Capital Holdings, LLC."  (ECF 61-3.)  Ayzenberg's electronic signature also appears on the page as "Member."  (Id.)  The Lendingbase, LLC reports, in contrast, list Ayzenberg <u>himself</u> as the "Authorized Member."  (ECF 61-4.)

Nextres has only identified itself in its Amended Response as "a foreign authorized limited liability company duly organized under the laws of the State of Delaware." (ECF 31 ¶ 3.)

The Court cannot determine from the Second Amended Petition and the Lever Declaration whether diversity jurisdiction exists in this matter.  Within fourteen days of this Order, Nextres shall file:

(a) a declaration from a member of Nextres, LLC identifying all members of Nextres, LLC; and

(b) a declaration from each natural person member of Nextres, LLC setting forth his or her national citizenship and, (i) if a U.S. citizen, the State of which he or she is a citizen; or (ii) if not a U.S. citizen, whether he or she holds permanent resident status in the U.S. and, if so, the State in which he or she is a permanent resident; and

(c) a declaration from an officer of each corporation that is a member of Nextres, LLC, identifying the State of incorporation and the State in which its principal place of business is located; and

(d) a declaration from a member of any limited liability company that is a member of Nextres, LLC providing the same information required in (a) and (b) above; and

3

(e) a declaration from a member of any partnership that is a member of Nextres, LLC providing the same information required in (a) and (b) above.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 28, 2024