UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
LANESBOROUGH 2000, LLC,

                                      23-cv-7584 (PKC)

                    Petitioner,              OPINION AND ORDER

       -against-

NEXTRES, LLC,

               Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CASTEL, United States District Judge:

In an Opinion and Order of August 15, 2024 (the "August 15 Order") (ECF 66), the Court confirmed in part and vacated in part an arbitral Award in favor of petitioner Lanesborough 2000, LLC ("Lanesborough"), familiarity with the August 15 Order is assumed.[1] Petitioner now moves for reconsideration in part of the August 15 Order that vacated the arbitral Award. In the alternative, petitioner moves for injunctive relief, primarily seeking specific performance of the parties' Loan Agreement, an additional award of consequential damages, and payment of interest. Respondent Nextres, while not agreeing with the Court's ruling, only opposes the requested injunctive relief.

For the reasons discussed below, Lanesborough's motion for reconsideration and motion for injunctive and equitable relief will both be granted in part and denied in part.

I.      Motion for Reconsideration.

Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b), Fed. R. Civ. P and are "entrusted to the district court's sound discretion." Ivan v. Interactive Brokers, LLC, 22-cv-3999-LTS, 2023 WL 6466372, at *1 (S.D.N.Y. 2023) (citing Devlin v.

---

[1] Capitalized terms are as used in the August 15 Order.

<u>Transportation Communications International Union</u>, 175 F.3d 121, 131-32 (2d Cir. 1999)).  A motion for reconsideration is granted when the moving party identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  <u>Virgin Atlantic Airways, Ltd. v. National Mediation Board</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).  The standard for granting a motion for reconsideration is strict and will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  <u>Shrader v. CSX Transportation, Inc.</u>, 70 F.3d 255, 277 (2d Cir. 1995).

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearsing on the merits, or otherwise taking a 'second bite at the apple.'"  <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012) (citing <u>Sequa Corp. v. GBJ Corp.</u>, 156 F.3d 136, 144 (2d. Cir. 1998)).  Reconsideration functions as "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  <u>In re Initial Public Offering Securities Litigation</u>, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (Scheindlin, J.).

In the August 15 Order, this Court confirmed the Arbitrator's Interim Award except in two material respects, finding that they were contrary to the parties' Arbitration Agreement and vacating the Arbitrator's Awards of (1) attorneys' fees and (2) injunctive relief. Lanesborough asserts two main points on which it claims this Court erred in its August 15 Order.

A.  <u>Lanesborough's Motion for Reconsideration Regarding Attorneys' Fees Will Be Granted.</u>

Lanesborough asserts that the Court overlooked both that Nextres' allegedly waived its objection to attorneys' fees as well as the Arbitrator's finding of bad faith.  Having reexamined the Second Circuit's authority on arbitration awards of attorneys' fees on the basis of

the Arbitrator's finding of bad faith, the Court concludes that the Arbitrator's finding of bad faith

warranted the Final Award of attorneys' fees.  Lanesborough's motion for reconsideration

therefore will be granted on this ground.

Arbitration is a matter of contract and, therefore, a party cannot be required to

submit to arbitration any dispute that it has not agreed to submit.  PaineWebber Inc. v. Bybyk, 81

F.3d 1193, 1198 (2d Cir. 1996).  Under Section 10(a)(4) of the Federal Arbitration Act, courts

may vacate an arbitral award "where the arbitrators exceeded their powers."  9 U.S.C. § 10(a)(4).

In considering whether to confirm an award, "[t]he principal question for the reviewing court is

whether the arbitrator's award draws its essence [from the agreement to arbitrate], since the

arbitrator is not free merely to dispense his own brand of industrial justice."  187 Concourse

Associates v. Fishman, 399 F.3d 524, 527 (2d Cir. 2005).

As the Court discussed in its August 15 Order, the parties' Arbitration Agreement

explicitly stated that each party would bear its own attorneys' fees.  (ECF 29-6 at 2 ("[E]ach

party shall bear their own attorneys['] fees and arbitration costs."))  The Court found that

Nextres' actions did not constitute a waiver of its right to invoke the "bear its own attorneys'

fees" provision.  While Nextres sought its own attorneys' fees under the Loan Agreement, rather

than the Arbitration Agreement, Nextres had repeatedly challenged the merits of Lanesborough's

fee petitions.  The August 15 Order, therefore, vacated the Final Award of attorneys' fees to

Lanesborough as in conflict with the "bear its own" provision.

The Second Circuit, however, has held that "a broad arbitration clause . . . confers

inherent authority on arbitrators to sanction a party that participates in the arbitration in bad faith

and that such a sanction may include an award of attorney's or arbitrator's fees."  ReliaStar Life

Insurance Co. of N.Y. v. EMC National Life Co., 564 F.3d 81, 86 (2d Cir. 2009) (finding that the

arbitration clause was broad when it stated that "[i]n the event of any disputes of differences arising hereafter between the parties with reference to any transaction under or relating in any way to this Agreement as to which agreement between the parties hereto cannot be reached, the same shall be decided by arbitration").  In ReliaStar, the Arbitration Agreement explicitly stated each party would bear its own attorney's fees, but the Court held this was in the context of "good faith dealings" because nothing in the arbitration agreement referenced sanction remedies or a remedy for bad faith conduct.  Id. at 88.  The Second Circuit held that when an arbitration agreement is sufficiently broad, the arbitrators are conferred authority to sanction a party's bad faith conduct in the arbitration.  Id. at 89.  An arbitrator's inherent power to award attorney's fees for bad faith conduct in the arbitration proceeding transcends the parties' contractual restriction on fee shifting.  See Salus Capital Partners, LLC v. Moser, 289 F. Supp. 468, 478 (S.D.N.Y. 2018) (Buchwald, J.) (holding that an arbitration agreement that stated "each member shall each be responsible for pays its or his attorneys' fees . . . to the fullest extent permitted by law" did not signal the parties' intent to limit the arbitrator's authority to sanction bad faith).

The Arbitrator explicitly found that Nextres acted in bad faith, by claiming that a document was false, refusing to answer an interrogatory, and objecting to a document as "irrelevant" that Nextres itself had offered as substitute to the unanswered interrogatories.  (ECF 29-1 at 1, 2.)  As the Arbitrator put it, "Once begun, the bad faith continued throughout the arbitration.  A fee award is appropriate."  (ECF 76-7 at 8).

Upon reconsideration, the Court confirms the portion of the Interim Award to the extent that it finds attorneys' fees were appropriate on the basis of bad faith conduct on the part of Nextres' during the arbitration proceedings and the Final Award, which determined the amount of attorneys' fees.  Further, the Court finds that the Arbitrator's Final Award of

attorneys' fees of $312,859.50 from the date of the filing of the arbitration forward was

reasonable.[2]  (ECF 36-1.)

    B.  Lanesborough's Motion for Reconsideration to the Extent that it Seeks to Reinstate the
        <u>Award's Grant of Injunctive Relief Will Be Denied.</u>

        Lanesborough argues that, in the August 15 Order, the Court overlooked the

delegation provision in the parties' Arbitration Agreement.  This is not correct.  The provision

was quoted and discussed at length in the Court's Order.  (ECF 66 at 17-20.)  Lanesborough

selectively quotes from the provision stating that "'the coverage or enforceability of this

[Arbitration] Agreement' is to be 'resolved exclusively by binding arbitration.'"  (ECF 70 at 2.)

Lanesborough omits the term "Disputes" from its quote of the provision, which is a defined term

in the Agreement that was key to the Court's reasoning.  The Arbitration Agreement explicitly

provided that "'Dispute' shall not include: . . . (2) Actions . . . for a permanent injunction based

on an arbitration award."  (ECF 76-2.)  Lanesborough merely attempts to relitigate an issue the

Court already considered and decided.

        Further, Lanesborough asserts that a state court's interpretation of an "identical"

Arbitration Agreement creates an "ambiguity" that must be construed against Nextres.  (ECF 72

at 2-3.)  With due respect to the State Court in Oneida County, the oral ruling cited in

Lanesborough's reply brief does not control under the FAA.[3]

        This action is brought to confirm the Interim Award pursuant to the Federal

Arbitration Act, 9 U.S.C. § 1 et seq.  (ECF 3 at 1-3.)  State law does not control on issues of

arbitrability or grounds for vacating an award.  <u>See</u>, <u>e.g.</u>, <u>David L. Threlkeld & Co., Inc. v.</u>

---

[2] The Court has considered and rejected the balance of Nextres' objections to the Final Award of attorneys' fees. (ECF 50 & 55.)

[3] Lanesborough has cherry picked a quote from the transcript of the Oneida County proceeding in their reply memorandum.  But with studied punctiliousness it has refrained from supplying the full transcript without permission lest it run afoul of Local Civil Rule 6.3 prohibiting affidavits unless directed by the Court.

Metallgesellschaft Ltd. (London), 923 F.2d 245, 249 (2d Cir. 1991) (federal arbitration law

controls in a diversity action seeking to compel arbitration); Rothberg v. Loeb, Rhoades & Co.,

445 F. Supp. 1336, 1339 (S.D.N.Y. 1978) (Pierce, J.) (FAA, and not state law, determines

whether to compel arbitration despite New York choice of law provision.).

        Applying federal precedents, the Court correctly concluded that the four

substantive claims were arbitrable.  (ECF 66 at 18.)  The Court relied on controlling Second

Circuit precedent addressing the impact of the rules of the arbitral forum delegating to the

Arbitrator the power to decide arbitrability: "Incorporation of such rules into an arbitration

agreement does not, per se, demonstrate clear and unmistakable evidence of the parties' intent to

delegate threshold questions of arbitrability to the arbitrator where other aspects of the contract

create ambiguity as to the parties' intent."  DDK Hotels, LLC v. Williams-Sonoma, Inc., 6 F.4th

308, 318 (2d Cir. 2021).  Indeed, these parties left no ambiguity as to their intent in providing

that an arbitral "'Dispute' shall not include . . . Actions . . . for a permanent injunction based

upon an arbitration award." (ECF 29-6 at 2.)  Lanesborough's motion to reconsider to the extent

that it seeks to confirm the Interim Award's grant of permanent injunctive relief will be denied.

The Court will consider, however, whether the conferred Interim Award warrants the issuance of

a permanent injunction by this Court.

II.     <u>Motion for Permanent Injunctive and Equitable Relief.</u>

        Lanesborough alternatively has moved this Court for the issuance of permanent

injunctive and equitable relief.  (ECF 74-1.)  The relief sought is ancillary to the arbitral

confirmation proceedings.  See, e.g., American Express Financial Advisors Inc. v. Thorley, 147

F.3d 229, 231 (2d Cir. 1998) (district court empowered to grant a preliminary injunction in aid of

arbitration); Rechnitz v. Kutner,  20-cv-1607 (KAM) (VMS), 2020 WL 3051498, at *6

(E.D.N.Y. June 8, 2020) (granting attachment in the context of proceeding under the FAA to confirm an arbitral award); Espiritu Santo Holdings, LP v. Libero Partners, LP, 19 cv 3930 (CM), 2019 WL 2236582, at *1 (S.D.N.Y. May 16, 2019) (granting stipulated injunctive relief in aid of arbitration until arbitration panel acted).

It is simply not correct, as Nextres has urged, that the Court's role is at an end upon deciding whether to confirm an award and that the Court lacks jurisdiction to grant any further relief.  Courts in this Circuit, for example, routinely decide whether to grant post-award, pre-judgment interest on an arbitration award.  See Waterside Ocean Navigation Co., Inc. v. International Navigation Ltd., 737 F.2d 150, 154 (2d Cir. 1984) ("[D]istrict judges in the Southern District of New York have granted post-award, pre-judgment interest in both domestic and foreign arbitration cases"); see, e.g., Alliance Capital International Bank v. Wadiah Capital., 24-cv-2368 (PKC), 2025 WL 437618, at *5 (S.D.N.Y. Feb. 7, 2025) (awarding post-award, prejudgment interest).  Courts also award attorneys' fees incurred in confirmation proceedings. See Abondolo v. H. & M. S. Meat Corp., 07 cv 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (Sullivan, J.) (collecting cases).

The remedy of a permanent injunctive relief effectuates the intent of the parties in agreeing to arbitration.  The parties conferred upon the Arbitrator the broad power to decide disputes between the parties but withheld the power to award permanent injunctive relief.  The Arbitrator has now adjudicated the rights of the parties and found that Nextres has breached its agreement with Lanesborough by not funding the loan when required to do so.  The grant or denial of permanent injunctive relief based upon the Interim Award in the context of a proceeding to confirm the Interim Award is an ancillary power of the Court.  It furthers the

parties intent and the "pro-arbitration policy" of the FAA. See Katz v. Cellco Partnership, 794 F.3d 341, 346 (2d Cir. 2015).

    A. <u>Injunctive and Equitable Relief.</u>

        In deciding the appropriate injunctive relief, the Court accepts the Arbitrator's Interim Award of declaratory judgment that "(1) Nextres is in breach of the loan agreement due to its ongoing failure to advance Lanesborough the funds at issue; and (2) Lanesborough is relieved of any ongoing obligation to repay on the loan as long as Nextres is in material breach thereof." (ECF 29-1 at 8 ¶¶ 1-2; <u>see also</u> ECF 66 (Order) ("The Court also confirms paragraphs 1 and 2 on page 8 of the Interim Award, which grants declaratory relief but not equitable relief.")) The Court considers the propriety of permanent injunctive or other equitable relief <u>de novo</u>.

        Lanesborough seeks an order: (1) requiring Nextres to void any late charges, penalties, and default declarations; (2) prohibiting Nextres from charging any interest until it complies with the Court's orders; (3) relieving Lanesborough of its monthly payment obligations until Nextres fully complies with this Court's orders; and (4) extending the loan maturity date and construction competition dates for nine months until Nextres complies with the Court's orders. Lanesborough also seeks specific performance of the parties' Loan Agreement, requesting that the Court order Nextres to: (1) immediately release loan proceeds that have been withheld in breach of the Loan Agreement; and (2) deposit the remaining loan proceedings into a federally insured escrow account in accordance with the Loan Agreement.

        As a defense to injunctive relief, Nextres argues that Lanesborough has "unclean hands" because Lanesborough discontinued its payments under the parties' financing agreement. This argument is precluded by the Arbitrator's Award of declaratory relief confirmed by the

Court, which found that Nextres had breached the parties' Agreement and Lanesborough was relieved of any obligation to repay while Nextres is in breach. (ECF 29-1 at 8.) Nextres further asserts that Lanesborough's requested relief violates the "election of remedies" doctrine because Lanesborough has also sought consequential damages for the breach. This argument also fails as a party may seek both specific performance and consequential damages. See Blue Citi, LLC v. 5Barz International Inc., 338 F. Supp. 3d 326, 338 (S.D.N.Y. 2019) (Caproni, J.) (finding that in addition to specific performance, New York courts will award "items of damage that naturally flow from the breach, are within the contemplation of the parties, and can be proven to a reasonable degree of certainty"), aff'd 802 F. App'x 28 (2d Cir. 2020).

A plaintiff seeking a permanent injunction must show actual success on the merits and "(1) that it suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Salinger v. Colting, 607 F.3d 68, 77 (2d Cir. 2010) (citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). A party is entitled to specific performance when: "(1) there is a valid contract; (2) plaintiff has substantially performed under the contract and is willing and able to perform its remaining obligations; (3) defendant is able to perform its obligations; and (4) plaintiff has no adequate remedy at law." La Mirada Products Co., Inc. v. Wassall PLC, 823 F. Supp. 138, 140 (S.D.N.Y. 1993). Typically, for specific performance, moving party must also show irreparable harm. Nemer Jeep-Eagle, Inc. v. Jeep-Eagle Sales Corp., 992 F.2d 430, 433 (2d Cir. 1993).

In general, specific performance of an agreement "will not be ordered where money damages 'would be adequate to protect the expectation interest of the injured party.'"

Sokoloff v. Harriman Estates Development Corp., 96 N.Y.2d 409, 415 (2001) (citation omitted). However, specific performance is proper when "the subject matter of a particular contract is unique and has no established market value." Van Wagner Advertising Corp. v. S & M Enterprises, 67 N.Y.2d 186, 193 (1986). Generally, New York courts will not order specific performance of an agreement to lend money because "an injured party can borrow funds elsewhere and recover damages based on the higher costs it was forced to pay the replacement lender." BT Triple Crown Merger Co., Inc. v. Citigroup Global Markets Inc., No. 600899/08, 2008 WL 1970900, at *8 (Sup. Ct., N.Y. County 2008); see also Bradford, Eldred & Cuba R.R. Co. v. New York, Lake Erie & W. R.R. Co., 123 N.Y. 316, 324–25 (1890) (finding that equity does not decree specific performance of a "simple contract to advance money" to a company). However, "there is no blanket prohibition against a court ordering the equitable relief of specific performance in the case of a breach of a construction contract." Granite Broadway Development LLC v. 1711 LLC, 44 A.D.3d 594, 594 (1st Dep't 2007) (citation omitted); see also Petra Mortgage Capital Corp., LLC v. Amalgamated Bank, No. 101283/2010, 2014 WL 2607087, at *8 (Sup. Ct., N.Y. County, June 6, 2014) (finding that "cases of construction" are an exception to the general rule that the contract must be unique and without an established market value), aff'd as modified on other grounds, Amalgamated Bank v. Fort Tyron Tower SPE LLC, 140 A.D.3d 599 (1st Dep't 2016).

Lanesborough has shown the need for a permanent injunction. The Arbitrator found that there was a valid contract between the parties and that Nextres breached its contractual obligations. The balance of hardships weighs in Lanesborough's favor as Nextres breached the contract at its inception, repeatedly attempted to interfere with the progression of Lanesborough's construction project, and then used the slow progress as a reason to delay further

funding.  Lanesborough has so far fulfilled its obligations under the contract and was not in

breach when it stopped payments under the loan in accordance with the Arbitrator's declaratory

judgment.

      According to the declaration of Rebecca V. Stayton, sole member of

Lanesborough, the project was to convert an abandoned mobile home park owned by

Lanesborough into a 312-unit self-storage facility.  (ECF 75 ¶ 6.)  The construction project that

was the focal point of the financing agreement has not proceeded in the absence of financing

from Nextres.  In support of the claim that money damages are an inadequate remedy Stayton

states that, as of the date of her declaration, September 5, 2024, the project "has now only been

partially constructed because of Nextres repeated breaches of the Loan Agreement."  (Id. ¶ 32.)

She notes that a damage calculation "for failing to disburse loan proceeds is difficult and

uncertain."  (Id.)  On these facts, the Court agrees.

      A powerful demonstration of the need for a permanent injunctive relief is the

circumstance that neither the Arbitrator's Interim Award of declaratory relief nor this Court's

confirmation of the Award of declaratory relief on August 15, 2024, has brought Nextres into

compliance with the terms of the Loan Agreement.  Nextres has not funded the loan and

continues to proceed with its foreclosure action on the underlying property.  Nextres, LLC et al.,

v. Batchwood 1998 LLC, et al., (Index No. EFCA2024-000708, Supreme Court Oneida County)

(Conf., Aug. 29, 2024).  The continued existence of Nextres' foreclosure proceedings is an

impediment to securing alternate financing.  The property that is collateral for the Nextres' loan

and cannot be used for a loan from an alternative funding source.  Because Nextres' ongoing

actions have prevented Lanesborough from securing a loan elsewhere, Lanesborough is unable to

borrow from an alternative lender.  Absent injunctive relief, Lanesborough will continue to

suffer irreparable harm.  Additionally, the public interest will not be disserved by granting a permanent injunction to a private party against another private party that is in breach.

ORDER GRANTING PERMANENT INJUNCTIVE AND EQUITABLE RELIEF

This Order of permanent injunctive and equitable relief applies to Nextres, its officers, agents, servants, and attorneys, and all other persons in active concert or participation with any of them (collectively, "the Enjoined Parties"),

1. Within seven (7) days of this Order, the Enjoined Parties shall release $1,039,732.76 to Lanesborough in loan proceeds subject to the repayment obligation under the Loan Agreement as modified by this Order;

2. Nextres shall comply with the terms of the Loan Agreement as modified by this Order;

3. The Enjoined Parties shall refrain from collecting any interest, penalty, late charge, or enforcing any remedy for purported breach of the Loan Agreement with Lanesborough occurring prior to the date of this Order; for the avoidance of doubt, the Enjoined Parties, are enjoined from the institution or continued maintenance of any foreclosure action, including Nextres, LLC et al., v. Batchwood 1998 LLC, et al., (Index No. EFCA2024-000708, Supreme Court Oneida County).

4. Within twenty-one (21) days of this Order, Nextres shall file with this Court a declaration of a knowledgeable member of Nextres, attesting to its full and complete compliance with the terms of this Order.  Monthly repayment

obligations of Lanesborough are suspended until entry of a further Order of

this Court that Nextres is in full compliance with this Order;

5.  In view of the established breaches, the Court exercises its equitable power to

extend the loan maturity and construction competition dates in the Loan

Agreement by nine (9) months;

6.  Any violation of this Order is punishable as contempt of Court;

7.  All other relief sought by either party is DENIED; and

8.  The Court retains jurisdiction to provide other or further relief.[4]

B.  <u>Consequential Damages</u>.

Lanesborough requests (1) interest owed on the loan proceeds withheld by

Nextres; (2) additional consequential damages incurred since the Interim Award; and (3)

additional consequential damages amounting to $32,451.50 per month for every month Nextres

does not comply with the Court's Order.  Nextres opposes this relief asserting that it would

violate the doctrine of "the law of the case" and violate Nextres' due process rights.

Once a court has confirmed an arbitration award, it has "plenary authority" to

effectuate its decrees, "including by exercising authority over proceedings to enforce the

judgment."  <u>National Football League Players Association v. National Football League</u>

<u>Management Council</u>, 12-0402-cv, 2013 WL 1693951, at *4 (2d Cir. 2013) (summary order)

(citing <u>Zeiler v. Deitsch</u>, 500 F.3d 157, 170 (2d Cir. 2007)).  However, "the judgment to be

enforced encompasses the terms of the confirmed arbitration awards and may not enlarge upon

those terms."  <u>Zeiler</u>, 500 F.3d at 170.  The Arbitrator was empowered to award consequential

---

[4]  The Court has refrained from affirmatively ordering that the remaining loan proceeds of $254,348.33 be deposited into a federally insured escrow account.  The Court's intent is not to exempt Nextres from compliance with any term of the Loan Agreement but to give Nextres the opportunity to bring itself into compliance with the Loan Agreement.

damages as well as interest up to the date of the Interim Award, which, in fact, the Arbitrator awarded.  The Court cannot expand on the damages awarded by the Arbitrator because, unlike permanent injunctive relief, they are within the purview of the Arbitrator.  Therefore, the Court denies Lanesborough's request for an additional damages award beyond the scope of the Arbitrator's Award confirmed by the Court.

C. Post-Award Pre-Judgment Interest

Lanesborough requests that the Court enter a judgment in favor of Lanesborough for the consequential damages that were confirmed by this Court and post-award pre-judgment interest.  (ECF 74 at 4.)

While the decision to grant pre-judgment interest in the context of confirmation of an arbitral award is left to the discretion of the district court, there is a presumption in favor of awarding pre-judgment interest.  Waterside Ocean Navigation Co., Inc. v. International Navigation Ltd., 737 F.2d 150, 153-54 (2d Cir. 1984).  "Prejudgment interest is appropriate where the agreement between the parties states that an arbitration decision is final and binding." First Capital Real Estate Investment, L.L.C. v. SDDCO Brokerage Advisors, LLC, 355 F. Supp. 3d 188, 196-97 (S.D.N.Y. 2019) (Koeltl, J.).  Lanesborough requests a pre-judgment interest rate of nine percent.  "It is standard within the Second Circuit to grant interest at a rate of nine percent per annum, the rate of prejudgment interest under New York State law." Charles Schwab & Co., Inc., 21-cv-8098 (PKC), 2022 WL 4334655, at *8 (S.D.N.Y. Sept. 19, 2022).

The Court awards Lanesborough pre-judgment interest at a rate of nine percent per annum, calculated from October 25, 2023, through the date of the entry of the judgment in this action.

With respect to post-judgment interest, it is available to the judgment creditor as a matter of law.  28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in district court.")  Regarding costs, Rule 54(d)(1), Fed. R. Civ. P., allows costs to the prevailing party unless otherwise ordered and there is no justifiable reason presented why the Court ought to depart from the Rule.  Costs may be taxed by the Clerk of Court within 30 days after the entry of final judgment.  See Loc. Civ. R. 54.1.

CONCLUSION

For the reasons specified above, Lanesborough's motion for reconsideration is GRANTED in part and DENIED in part.  Lanesborough's motion for additional consequential damages is DENIED.  Lanesborough's motion for pre-judgment interest is GRANTED. Lanesborough's motion for injunctive and equitable relief is GRANTED in part and is effective immediately.

Lanesborough shall file a proposed final judgment within seven (7) days.  The Clerk is requested to terminate the motions at ECF 69 and 73.

SO ORDERED.

P. Kevin Castel
United States District Judge

Date:   March 12, 2025
        New York, New York