UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
LANESBOROUGH 2000, LLC,

                                                               23-cv-7584 (PKC)

                Petitioner,                      ORDER DENYING
                                                    STAY PENDING APPEAL

      -against-

NEXTRES, LLC,

                Respondent.
-------------------------------------x

CASTEL, United States District Judge:

        On March 19, 2025, six days after the Court issued a permanent injunction against respondent Nextres, LLC ("Nextres"), Nextres filed a motion to stay the Court's Order and the Judgment pending appeal. The motion for a stay will be denied.

        Lanesborough 2000, LLC ("Lanesborough") petitioned to confirm arbitration awards under the Federal Arbitration Act. 9 U.S.C. § 1 et seq. (ECF 5 & 28.) The awards were issued by a single arbitrator appointed under the rules of the American Arbitration Association ("AAA"). The record before the Court included, among other things, the Arbitration Agreement, the arbitration claim, the answering statement of Nextres, and the awards. (ECF 9.) Nextres responded in opposition to the petition to confirm and cross-moved to vacate the awards.

        The Court confirmed the arbitration award in all respects except modified the awards to exclude an award of attorneys' fees and permanent injunctive relief as exceeding the scope of the arbitration provision. (ECF 66).

        The Court later granted Landsborough's motion to reconsider the denial of confirmation of attorney's fees because the attorney's fees awarded by the Arbitrator were for

bad faith tactics in the course of the arbitration proceeding and did not run afoul of the parties' stated intent that each side bear its own fees. (ECF 81.) The Court also denied Lanesborough's request for reconsideration of the denial of the Arbitrator's award of permanent injunctive relief, but on full briefing, granted certain permanent injunctive relief based upon the Arbitrator's grant of declaratory relief and a de novo review of the propriety of injunctive relief. (ECF 81.)

As explained in the Court's Opinion and Order of March 12, 2025, the award of permanent injunctive relief was warranted because the claim addressed breaches that could not be remedied with a monetary award. The underlying loan that Nextres had been obligated to fund was a construction loan, secured by land, and that the failure of Nextres, the lender, to fund the loan caused irreparable harm to Lanesborough. No alternative source of financing was feasible because Nextres held a mortgage lien on the land. Exercising its ancillary jurisdiction, the Court awarded permanent injunctive relief consistent with the declaratory portion of the Arbitrator's confirmed award.

Nextres has failed to satisfy the four-factor test for a stay pending appeal. Hirschfeld v. Board of Elections in City of New York, 984 F.2d 35, 39 (2d Cir. 1993). First, there has been no showing of irreparable harm. Id. The advancement of loan proceeds pursuant to the Loan Agreement is subject to a repayment obligation by Lanesborough and a security interest in the property and, thus, Nextres is protected from irreparable harm.

Second, the Court has considered whether the plaintiffs will suffer irreparable harm from a stay. Hirschfeld, 984 F.2d at 39. Lanesborough will suffer great and irreparable harm. It will continue to be unable to secure alternate financing because of Nextres' lien on certain property and construction of the project will be further delayed.

Third, the Court has considered whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal and concludes it has not. Id. The submission of Nextres displays a fundamental misunderstanding of the appellate review process. The stay application raises a host of new arguments never presented to this Court as part of the confirmation/vacatur proceedings. A simple comparison of the Declaration of Kirill Ayzenberg (ECF 85-1) with the briefing in opposition to confirmation and support of vacatur of the award, as well as in opposition to the preliminary injunction, demonstrates that the vast majority of Nextres' factual arguments were never presented to the Court. (See, e.g., ECF 50, 55, 71, 85-3, 85-4, 85-5, 85-6, 85-7, 85-8, 85-9, 85-10, & 85-19.) Nextres' newly-asserted legal argument that the arbitrator deprived it of rights protected by the Fifth Amendment Due Process Clause (ECF 86) was not presented to this Court and, in any event, lacks legal merit. See, e.g., Murillo v. A Better Way Wholesale Autos, Inc., 17-cv-1883 (VLB), 2019 WL 3081062, at *9 (D. Conn. July 15, 2019) ("[O]nly state action is subject to due process scrutiny. Courts in this circuit have held that the state action element of a due process claim is absent in a private arbitration case.") (collecting cases).

Fourth, the Court has considered the public interests that may be affected. Id. The public interest favors the completion of construction project rather than remaining in limbo.

- 4 -

For all of the foregoing reasons, as well as those set forth in the Court's two Opinions and Orders (ECF 81 & 86), the application for a stay pending appeal (ECF 85) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Date:   March 26, 2025
        New York, New York