UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
LANESBOROUGH 2000, LLC,

                                                   23-cv-7584 (PKC)

                Petitioner,                             ORDER

        -against-

NEXTRES, LLC,

                Respondent.
-----------------------------------x

        On August 24, 2025, Nextres, LLC ("Nextres") filed a Notice of Appeal "from each and every aspect of the Order of the Hon. P. Kevin Castel entered on August 15th, 2024 [ECF 66] which denied in-part so much of Respondent's cross-petition seeking vacatur of an interim arbitral award dated October 25th, 2023 ("Award") granted in favor of petitioner/cross-respondent LANESBOROUGH 2000, LLC's ("Petitioner"), and a fortiori, granted in-part confirmation of so much of Petitioner's Award confirmation petition." (ECF 68.)

        On March 19, 2025, Nextres filed a second Notice of Appeal was filed "from each and every aspect of the Order of the Hon. P. Kevin Castel entered on March 12th, 2025 [ECF 81] which granted reconsideration of the Order of the Hon. P. Kevin Castel entered on August 15th, 2024 [ECF 66] which denied in-part so much of Respondent's cross-petition seeking vacatur of an interim arbitral award dated October 25th, 2023 ("Award"), thereby granting all relief requested by petitioner LANESBOROUGH 2000, LLC's ("Petitioner"), including, inter alia, all declaratory, permanent injunctive, and equitable relief under the Order entered on March 12th, 2025 [ECF 81]." (ECF 85-18.)

The Court by Order to Show Cause solicited the views of petitioner and Nextres on whether the Court ought to defer ruling on the motion by Nextres to modify the permanent injunction entered on March 12, 2025. The parties have helpfully responded. (ECF 157 & 158.)

The Court has the inherent power to defer a ruling on the motion to modify the injunction that is expressly referenced in the Second Notice of Appeal. It would be inefficient and unwise to expend judicial resources until the outcome of the appeal. The Court declines Nextres's invitation to parse its appellate brief to determine which issues are actively pursued on appeal and which have been implicitly abandoned. The injunctive relief ordered by this Court was ancillary to the Court's confirmation of the arbitration award, which is undeniably the subject of appeal.

The Court acknowledges its authority to issue an indictive ruling pursuant to Rule 62.1(3), Fed. R. Civ. P., but declines to do so because of the desirability and efficiency of first securing the views of the United States Court of Appeals for the Second Circuit on the pending appeal.

The motion to modify the permanent injunction entered on March 12, 2025 is denied without prejudice to renewal within 21 days of the completion of all appellate proceedings. The Clerk is directed to terminate the motion at ECF 144.

SO ORDERED.

P. Kevin Castel
United States District Judge

Date:  October 7, 2025
       New York, New York