UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

LANESBOROUGH 2000, LLC,                         :

              *Petitioner/Cross-Respondent,*   :

    -against-                                  :

NEXTRES, LLC,                                   :

              *Respondent/Cross-Petitioner.*   :

                                 :

------------------------------------X

23-cv-07584 (PKC)

ORDER

Before the Court is Petitioner LANESBOROUGH 2000, LLC's ("Lanesborough") motion for an award of attorneys' fees and costs (ECF 97-101), amended motion for an award of attorneys' fees and costs (ECF 105-106), and attorneys' fees submittal in conjunction with the enforcement of this Court's permanent injunction (ECF 174-176) ("Lanesborough's Fee Submittals"). The Court has now considered all motions, responses, and replies, as well as argument of counsel on April 14, 2026, and May 19, 2026. The Court hereby finds as follows:

1. Lanesborough's Fee Submittals set forth two independent grounds for an award of attorneys' fees incurred in this arbitration confirmation proceeding.

2. First, Lanesborough relies upon a prevailing party fee shifting provision contained in the parties' mutually executed Deed in Lieu of Foreclosure Agreement ("DILFA"), which is one of several agreements executed at or about the time the parties executed their loan agreement.

3. Second, Lanesborough argues that Respondent NEXTRES, LLC's ("Nextres") bad faith acts in this arbitration confirmation proceeding warrant an award of attorneys' fees.

4. The Court concludes that the fee shifting provision contained in the DILFA applies to the terms set forth in the DILFA and not to the overall loan agreement or the agreement under which Lanesborough proceeded in this arbitration confirmation proceeding.

5. Instead, the agreement under which Lanesborough proceeded in this arbitration confirmation proceeding, the "Arbitration Agreement," specifically provides that, "Each party shall bear their own attorneys['] fees and arbitration costs." (ECF 29-6 at 2.)

6. Accordingly, and consistent with the American Rule, the Court **DENIES** Lanesborough's request for attorneys' under the prevailing party fee shifting provision contained in the DILFA.

7. However, as this Court stated at the conference on April 14, 2026, this Court **GRANTS IN PART** Lanesborough's request for an award of attorneys' fees upon a finding of bad faith on the part of Nextres.

8. With respect to conduct during the confirmation award, the positions taken by Nextres were, in many respects, unmeritorious, but Nextres did prevail on a very significant point: that the arbitration provision did not permit the arbitrator to award injunctive relief and, in doing so, the arbitrator exceeded his authority.

9. Similarly, on its appeal to the Second Circuit, Nextres did secure relief with respect to the Batchwood foreclosure action.

10. Accordingly, the Court does not conclude that Nextres acted in bad faith throughout the confirmation proceedings.

11. However, the Court does conclude that Nextres acted in bad faith in not complying with the permanent injunction (the "March 12 Order") insofar as it ordered the funding of

the loan within seven (7) days and an affidavit of compliance within twenty-one (21) days. (ECF 81.)

12. Specifically, Lanesborough was forced to move to enforce the permanent injunction (ECF 110), which Nextres vigorously opposed (ECF 113).

13. Nextres' managing member, Kirill Ayzenberg, took the position that, "any contempt penalty issued by this Court is wholly ineffective to bring about compliance with the Judgment, insofar as it pushes Respondent further from being able to disburse the Judgment's Injunctive Directive to Petitioner." (ECF 112 at 2.)

14. But Mr. Ayzenberg earlier had filed a declaration (ECF 85-1) in support of a stay of the March 12 Order pending Nextres's appeal without claiming that Nextres had no ability to comply with the March 12 Order if the stay were denied.

15. Indeed, when the stay was denied on March 26, 2025, no compliance was forthcoming.

16. Nextres later implicitly argued that the filing of the stay motion impacted its obligation to comply with the March 12 Order. (ECF 112 at 7 n.2.)

17. Despite protestations to the contrary, Nextres wired the funding of the loan, $1,039,732.76, on June 11, 2025.

18. Accordingly, the Court finds that Nextres acted in bad faith in not promptly complying with the provisions of the March 12 Order and that Lanesborough is entitled to an award of attorneys' fees incurred in connection with its motion to enforce the March 12 Order.

19. As stated at the conference on May 19, 2026, this Court has reviewed Lanesborough's attorneys' fees submittal in conjunction with the enforcement of the March 12 Order, which seeks an award of $53,265.00 in attorneys' fees, and has considered Nextres's objections.

20. The Court concludes that the hours spent, the hourly rates, and the description of services are all appropriate, reasonable, and consistent with the Second Circuit's jurisprudence under <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections</u>, 522 F.3d 182 (2d Cir. 2008), and succeeding cases.

As such, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

Nextres shall, within seven (7) days of this Order, cause to be transferred to Lanesborough reimbursement of Lanesborough's attorney fees in the amount of $53,265.00.

DATED: _June 11, 2026_
New York, New York

SO ORDERED:

Honorable P. Kevin Castel
United States District Judge