UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LANESBOROUGH 2000, LLC,

Petitioner,

-against-

NEXTRES, LLC,

Respondent.
------------------------------------x

23-cv-7584 (PKC)

ORDER

CASTEL, U.S.D.J.

Nextres, LLC ("Nextres") asks the Court to issue an order enjoining petitioner Lanesborough 2000, LLC ("Lanesborough") from prosecuting a second arbitration against it. (ECF 208.) In its brief letter motion, Nextres argues that Lanesborough's new arbitration is precluded by the doctrines of res judicata and collateral estoppel and that the requested relief conflicts with this Court's Orders in this action. Notably, Lanesborough's new claim for arbitration is brought on behalf of itself and a non-party to this action, Batchwood 1998, LLC, against Nextres and non-parties ILYM, LLC and Centier Bank. (ECF 208-13.) The new claim, which runs 115 pages in length, brings fifteen separate causes of action, including racketeering, conversion of trust funds and predatory lending. (Id.)

It is well-settled in the Second Circuit that district courts may not use the All Writs Act, 28 U.S.C. § 1651, to enjoin a private arbitration based on the preclusive effect of a district court's prior judgment confirming the result of an earlier arbitration. Citigroup, Inc. v. Abu Dhabi Investment Authority, 776 F.3d 126, 127, 131–133 (2d Cir. 2015). Instead, the application of claim preclusion or issue preclusion to the second arbitration proceeding is a question to be resolved by the arbitrator. Id. There certainly may be claims and issues presented

by Lanesborough in its new arbitration claim that were or could have been adjudicated in the prior arbitration or in the confirmation proceedings before this Court. The arbitrator presiding over the new arbitration will be in a position to determine the extent, if any, to which Lanesborough's new claim is precluded.

Furthermore, Nextres's contention that the arbitrator may issue an award to Lanesborough that conflicts with the prior Orders of this Court is premature. Of course, an award issued by the arbitrator that conflicts with the Orders of this Court would not be enforceable or confirmable, but any such conflict is hypothetical and speculative at this juncture. The Court thus declines to issue an injunction barring the prosecution of the new arbitration.

The Court reiterates that its jurisdiction is limited to the pleading in this action, Lanesborough's petition to confirm the awards from the first arbitration, as well as matters that are ancillary to that arbitration. As the Court has repeatedly conveyed to the parties, the Court does not possess a roving mandate to preside over subsequent disputes concerning the parties' lending arrangement. (See ECF 175-1, Apr. 14, 2026 Tr. at 12:2–13:9, 13:19–14:17.)

Nextres's application is DENIED. The Clerk is directed to terminate the motion at ECF 208.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 8, 2026